## BALTIMORE CITY COURT

Filed May 7, 1917.

THE CITY MOTOR COMPANY
VS.
THE STATE TAX COMMISSION.

THE BALTIMORE TRANSIT COMPANY
VS.
THE STATE TAX COMMISSION.

Argued together by *Robert P. Graham* for appellants.

*Albert C. Ritchie*, Attorney General, *Philip B. Perlman*, Assistant to Attorney General, and *S. S. Field*, City Solicitor, for appellee.

**BOND, J.—**

When an appeal is taken to the court from an order of any one of the administrative boards or commissions, it is clearly the duty of the court to make the prescribed system work as far as the court is concerned, if a way can be found to do it. So when this case was argued I tried to find a way to give a decision upon the "point of law" which might be referred to the court if it exists, even though no such point of law was specifically raised upon the record, either by a finding of facts or by certification. As I then said, it was my opinion what a "jitney bus," for the carriage of passengers, merely did not come within the statutory category of "express and transportation companies." But there is no showing in the record that the appellant companies were found to be doing just that business. The Tax Commission may have concluded as a fact that they were doing an ordinary express and transportation business; and the court cannot now hold a new hearing on the facts in order to develop the point of law, for that would be a usurpation of the Commission's control over the facts and the raising by the court of its own point of law. It would not be hearing an appeal from the Commission on a point of law. I conclude that in the absence of some finding of facts or certification of a point of law by the Tax Commission, which would present the point, the provision of the statute allowing the appeal cannot be carried out. The appeals will therefore be dismissed. This will be done without prejudice to any later appeals when, if ever, the points of law are specifically raised by suitable procedure.